# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.

MAO AND ZHANG LV LLC, *et al*.,

    Defendants.

Case No. 2:15-CV-1164-KJD-VCF

**ORDER**

    Presently before the Court is Defendant Mao and Zhang LV, LLC's Motion to Stay (#38). Though the time for doing so has passed, no response in opposition has been filed. Having read and considered the motion and good cause being found, the motion will be granted. Also, before the Court is Plaintiff's Motion for Status Conference (#34).

    The Nevada Supreme Court recently held that "the Due Process Clause of the United States and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien." Saticoy Bay v. Wells Fargo, 388 P.3d 970, 975 (Nev. 2017). However, the Ninth Circuit Court of Appeals considered the same issue in Bourne Valley Ct. Trust v. Wells Fargo Bank, 832 F.3d 1154, 1160 (9th Cir. 2016) and came to the opposite conclusion: "Nevada Revised Statutes section 116.3116's "opt-in" notice scheme facially violated mortgage lenders' constitutional due process

rights."[1] Parties in both <u>Bourne Valley</u> and <u>Saticoy Bay</u> have indicated they will file petitions for *certiorari* in the United States Supreme Court, leaving the constitutionality of portions of Nevada's non-judicial foreclosure statute in question. In fact, the Nevada Supreme Court has stayed issuance of remittitur until June 21, 2017, to allow time for Defendants to seek *certiorari*. <u>Saticoy Bay</u>, Nev. S. Ct. Case No. 68630, Doc. No. 17-04543 (Feb. 8, 2017). Additionally, the United States Supreme Court extended the deadline for the <u>Bourne Valley</u> cert petition to April 3, 2017. Case No. 16A753 (Feb 24, 2017).

The issues the parties in this case have raised implicate <u>Bourne Valley</u> and <u>Saticoy Bay</u>. To save the parties from the need to invest resources in discovery surrounding commercial reasonableness of the sale including any fraud, unfairness or oppression, before the United States Supreme Court has ruled on the petitions for certiorari review in these cases, the Court grants Defendants unopposed motion to stay this case.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254-55 (1936); <u>Dependable Highway Exp., Inc., v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case – often called a "<u>Landis</u> stay" – the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005). Weighing these considerations, the Court finds that a <u>Landis</u> stay is appropriate.

**1.    A stay will promote the orderly course of justice.**

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the

---

[1] The "opt-in" notice scheme was in effect on the date of the Foreclosure Sale, November 1, 2013. The 2015 Legislature substantially revised Chapter 116. 2015 Nev. Stat., ch. 266. However, this court looks at the statute in effect on the day of the sale.

competing arguments that the foreclosure sale either extinguished the mortgagor's security interest or had no legal effect because the statutory scheme violates due process and the takings clause. The United States Supreme Court's consideration of petitions for certiorari in <u>Bourne Valley</u> and <u>Saticoy Bay</u> has the potential to be dispositive of this case or major discrete issues presented by it.  The jurisprudence in this area of unique Nevada law continues to evolve causing parties in the scores of foreclosure-challenge actions pending to file new motions or supplement the ones that they already have pending, resulting in "docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced." <u>Nationstar Mortg., LLC v. Springs at Spanish Trail Assoc.</u>, 2017 WL 752775, *2 (D. Nev. February 27, 2017). Staying this case pending the Supreme Court's disposition of the petitions for certiorari in <u>Bourne Valley</u> and <u>Saticoy Bay</u> will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent.  This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**2.    Hardship and inequity**

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the petitions for certiorari have been decided.  A stay will prevent unnecessary briefing and premature expenditures of time, attorney's fees, and resources. While this is one of the few cases in which multiple supplemental briefs have not been filed, the prospect of that occurrence is greater than not while the petitions are pending.

**3.    Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case.  But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the Supreme Court grants certiorari and resolves this circuit-state split. It is not clear that a stay pending the Supreme Court's disposition of the petitions for certiorari will ultimately lengthen the life of this case.  The Court finds minimal any possible damage that this stay may cause.

**4.     The length of the stay is reasonable.**

Finally, a stay of this case pending the disposition of the petitions for certiorari in <u>Bourne Valley</u> and <u>Saticoy Bay</u> is expected to be reasonably short. The petition in <u>Bourne Valley</u> is due April 3, 2017, and the petition in <u>Saticoy Bay</u> is due April 25, 2017. Because the length of this stay is directly tied to the petition proceedings in those cases, it is reasonably brief, and not indefinite.

**5.     Summary**

Therefore, the Court orders this action stayed. Once the United States Supreme Court proceedings in <u>Bourne Valley</u> and <u>Saticoy Bay</u> have concluded, either party may move to lift the stay.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Mao and Zhang LV, LLC's Motion to Stay (#38) **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Status Conference (#34) **DENIED as moot.**

DATED this 31st day of March 2017.

_____
Kent J. Dawson
United States District Judge